UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
00-CV-2440 (JMR/FLN)

| | | |
|---|---|---|
| Robert Edwin Johnson and Janice Ann Johnson | ) | |
| v. | ) | ORDER |
| Way Cool Manufacturing L.L.C. et al. | ) | |

The motions now before the Court stem from a dispute over a licensing agreement entered into by plaintiffs, Robert and Janice Johnson, and defendant Way Cool Manufacturing L.L.C. ("Way Cool"). Plaintiffs are the sole owners of patent no. 5,857,350, issued January 12, 1999. Way Cool entered into an exclusive licensing agreement ("the agreement") with plaintiffs for the manufacture and sale of portable evaporative cooling units. At the time of the agreement, plaintiffs represented that the units employed technology covered by their patent.

Defendant Steven White, an officer of Way Cool, subsequently consulted with defendant Gerald Helget, a patent attorney, regarding the strength of plaintiffs' patent, and was informed by Helget that the patent did not cover the technology used in the units. Rather than attempt to broaden the patent through reissuance, as suggested by Helget, Way Cool chose to exercise its right to set-off under Section 11 of the agreement, and withheld a $250,000 royalty payment from plaintiffs.

Plaintiffs countered by asserting a breach of the agreement

FILED MAR 8 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

and terminating the license under Section 6.3 thereof. Having reached a stalemate, Way Cool served plaintiffs with a demand for arbitration, pursuant to the arbitration clause in the agreement. Plaintiffs repeatedly refused to engage in arbitration, leading Way Cool to file an action to compel arbitration in Minnesota state court.

While the hearing on the state court action was pending, plaintiffs filed this action, alleging breach of contract, tortious interference with contractual relations, and patent infringement.[1] The factual allegations in the complaint set forth the circumstances surrounding the formation and subsequent cancellation of the agreement. Plaintiffs sought to enjoin defendants from "using, making, vending/selling the Way Cool product, or making a use of Plaintiff's [sic] valid patent no. 5,857,350 and Trademark/Tradename, Way Cool."

After plaintiffs filed this action, the state court appointed an arbitrator, pursuant to the agreement and Minnesota law, and on December 29, 2000, an arbitration hearing took place. Plaintiffs did not attend. The arbitrator determined plaintiffs to be in breach of the agreement, and ordered both injunctive and monetary relief against them. The state court subsequently considered and confirmed the arbitrator's award.

---

[1]In addition to the defendants discussed above, plaintiffs added to this action Robert D. Maher, an attorney who performs work for Way Cool, and VCI Capital, Inc., a former shareholder.

Pending before the Court are cross-motions for summary judgment, as well as plaintiffs' motion for a preliminary injunction, motion to strike, motion to compel new counsel for defendants, and motion for recusal. The Court finds plaintiffs' claims in this action are barred by the Rooker-Feldman doctrine. Accordingly, this action is dismissed, and all pending non-dispositive motions are denied as moot.

The Rooker-Feldman doctrine requires federal courts to give "the same preclusive effect to a state court judgment that the judgment would be given in courts of the rendering state." Fielder v. Credit Acceptance Corp., 188 F.3d 1031, 1034 (8th Cir. 1999). Not only claims actually adjudicated by state courts, but also claims "inextricably intertwined" with those claims, are barred by the doctrine. Id. A claim is inextricably intertwined under Rooker-Feldman if it "succeeds only to the extent that the state court wrongly decided the issues before it [or] if the relief requested would effectively reverse the state court decision or void its ruling." Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995). The claims need not be identically named or pled; "federal plaintiffs cannot by artful pleading obtain a hearing of disguised state court appeals that would otherwise be subject to a Rooker-Feldman bar." Lemonds v. St. Louis County, 222

F.2d 488, 494 (8th Cir. 2000).[2]

Here, plaintiffs' claims all relate to defendant's alleged breach of the licensing agreement. The arbitrator considered the precise circumstances alleged by plaintiffs in their complaint, and determined the fault for breaching the agreement lay with them. The state court confirmed that award.[3] Thus, this Court could only grant plaintiffs the relief they seek by reexamining the issues presented to the arbitrator and the state court, and determining they were wrongly decided. The Rooker-Feldman doctrine precludes such an examination. Charchenko, 47 F.3d at 983.

Plaintiffs' patent infringement claim, though not directly addressed in the state court decision, is similarly barred. The agreement grants Way Cool the right to use plaintiffs' patent in any way it chooses. See License, ¶ 1 ("Licensor hereby irrevocably grants Licensee an exclusive, worldwide license to make, use, or sell Units based on the Patented Technology and to utilize the Patented Technology for any other purposes or applications at Licensee's sole and absolute discretion.").

---

[2]The presence of additional parties here, not present in the state court action, does not impact the Rooker-Feldman analysis. The Eighth Circuit Court of Appeals has determined that the parties need not be identical for Rooker-Feldman's preclusive effect to apply, so long as the claims presented are "inextricably intertwined." Lemonds, 222 F.3d at 495.

[3]The Rooker-Feldman doctrine applies with equal force to arbitration confirmed by a state court. See Kirby v. City of Philadelphia, 905 F. Supp. 222 (E.D. Pa. 1995).

Plaintiffs predicate their patent infringement claim on an assumption that defendants have breached the agreement and no longer have any right to the patented technology. The arbitrator found, and the state court confirmed, that Way Cool did not breach the agreement. A finding of patent infringement by this Court could only be premised on a reconsideration of the state court's decision. The patent infringement claim is, therefore, "inextricably intertwined" with the issues already adjudicated in state court. Here again, Rooker-Feldman bars any further inquiry by this Court. Lemonds, 222 F.3d at 493.

Accordingly, IT IS ORDERED that:

1. Defendant Gerald Helget's motion to dismiss [Docket No. 9] is granted.

2. Defendants Way Cool Manufacturing, VCI Capital, Steven White, and Robert Maher's motion for summary judgment [Docket No. 3] is granted.

3. Plaintiffs' motion for summary judgment [Docket No. 15] is denied.

4. Plaintiffs' motion for a preliminary injunction [Docket No. 2] is denied as moot.

5. Plaintiffs' motion to strike [Docket No. 17] is denied as moot.

6. Plaintiffs' motion to compel new counsel [Docket No. 24] is denied as moot.

7. Plaintiffs' motion for recusal [Docket No. 27] is denied as moot.

8. This action is dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 6, 2001

JAMES M. ROSENBAUM
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

*This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd